**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YUNIOR REINIER BRACHO CARDELLA,**

**Plaintiff,**

**vs.** **CASE NUMBER: 8:26-cv-3113**

**OFFICER ALEXANDRE TILAN;**
**Individually,**
**OFFICER WILLIAM LYONS;**
**Individually,**
**OFFICER DUSTIN HALL;**
**Individually,**
**and**
**CITY OF ST. PETERSBURG;**

**Defendants.**
______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, YUNIOR REINIER BRACHO CARDELLA (BRACHO CARDELLA), and sues the Defendants, OFFICER ALEXANDRE TILAN (TILAN), OFFICER WILLIAM LYONS (LYONS), OFFICER DUSTIN HALL (HALL) and CITY OF ST. PETERSBURG (CITY), and alleges:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United

States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This action arises from the wrongful arrest of BRACHO CARDELLA by HALL, TILAN and LYONS on October 14, 2023.

4. The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

5. The § 768.28 Notice of Claim was provided more than six (6) months ago on or about July 3, 2024. Defendant, CITY, has denied the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

6. Venue is proper in the Middle District of Florida because the wrongful arrest of BRACHO CARDELLA occurred in Pinellas County, Florida.

7. This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of BRACHO CARDELLA 's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

**PARTIES**

8. At all times material, Plaintiff, BRACHO CARDELLA is *sui juris*

and was a resident of Pinellas County, Florida.

9. Defendant, TILAN, was at all times relevant to this Complaint duly appointed and acting as a police officer for the St. Petersburg Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the City of St. Petersburg. Defendant is sued in his individual capacity.

10. Defendant, LYONS, was at all times relevant to this Complaint duly appointed and acting as a police officer for the St. Petersburg Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the City of St. Petersburg. Defendant is sued in his individual capacity.

11. Defendant, HALL, was at all times relevant to this Complaint duly appointed and acting as a police officer for the St. Petersburg Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the City of St. Petersburg. Defendant is sued in his individual capacity.

12. Defendant, CITY, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the St. Petersburg Police Department. Defendant, CITY, by and through its officials and employees is under a duty to run its policing activities in a

lawful manner so as to preserve the peace of the City of St. Petersburg and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida. The CITY has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

## FACTS

13. On October 14, 2023, Officer Alexandre Tilan conducted a traffic stop of Mr. Bracho Cardella for an alleged red-light violation.

14. Officer Williams Lyons subsequently conducted a DUI investigation.

15. Mr. Bracho Cardella performed extremely well on the exercises and did not appear intoxicated.

16. Nonetheless, Mr. Bracho Cardella was arrested by Officer Dustin Hall for DUI and taken to the jail.

17. At the jail he willingly provided two breath samples of 0.00.

18. A urine sample was also provided. Toxicology reports confirmed no controlled substances were present.

19. As a result of the arrest, Mr. Bracho Cardella spent 1 day in jail.

20. The criminal charge was ultimately dismissed on December 14, 2023.

21. The civil infraction was Nolle Prosse on December 18, 2023.

## COUNT I
## SECTION 1983 FALSE ARREST CLAIM AGAINST TILAN

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 21 above, and further alleges:

23. Plaintiff was unlawfully seized by Defendant, TILAN, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Pinellas County Jail.

24. The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

25. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

26. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

27. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of liberty, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

**COUNT II**
**SECTION 1983 FALSE ARREST CLAIM AGAINST LYONS**

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 21 above, and further alleges:

29. Plaintiff was unlawfully seized by Defendant, LYONS, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Pinellas County Jail.

30. The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

31. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

32. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

33. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of liberty, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

**COUNT III**
**SECTION 1983 FALSE ARREST CLAIM AGAINST HALL**

34. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 21 above, and further alleges:

35. Plaintiff was unlawfully seized by Defendant, HALL, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Pinellas County Jail.

36. The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

37. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

38. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

39. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of liberty, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

## STATE LAW CLAIMS

## COUNT IV

## FALSE ARREST – DEFENDANT, CITY

40. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1 – 21.

41. Defendants, HALL’S, TILAN’S and LYONS’, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, CITY.

42. The Defendants, HALL, TILAN and LYONS, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

43. The actions of Defendants, HALL, TILAN and LYONS, were performed in the course and scope of their employment with the St. Petersburg Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

44. As a direct and proximate result of the acts of Defendants, HALL, TILAN and LYONS, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in his being forced to suffer mental anguish, loss of capacity for the enjoyment of life, loss of liberty, humiliation, embarrassment,

shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

45. Defendants, HALL'S, TILAN's and LYONS', conduct is actionable against Defendant, CITY, pursuant to § 768.28, Fla. Stat.

## DAMAGES

46. Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

47. As a direct and proximate result of the aforementioned actions, statements, publications, and omissions of the Defendants, Plaintiff, YUNIOR REINIER BRACHO CARDELLA'S, constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

a. Emotional Pain and Suffering of a past, present and future nature;

b. Loss of Enjoyment of Life of a past, present and future nature;

c. Loss of Liberty;

d. Loss of Reputation;

e. Loss of Employment;

f. Loss of Wages and Earning Capacity of a past, present and future nature;

g. Punitive damages for Counts I, II and III;

h. Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

i. Post-Judgment Interest for any state law claim;

j. Statutory and Discretionary Costs;

k. Attorney's fees where permitted by 42 USC § 1988 or other statutes;

l. All such further relief, both general and specific, to which he may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 13th day of October 2026.

**MICHAEL P. MADDUX, P.A.**

***s/Michael P. Maddux***
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com